UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL B. McPHERSON,

Petitioner,

v.

WARDEN,

Respondent.

Case No.: 1:26-cv-07054-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS**

14-Day Objection Deadline

Clerk of the Court to Assign District Judge

Petitioner Michael B. McPherson is appearing pro se and *in forma pauperis* in this habeas corpus action pursuant to 28 U.S.C. section 2254. He filed the instant petition on September 3, 2026. The petition does not challenge an underlying conviction; rather, it presents various frivolous claims concerning a purported "Court declaration" declaring Petitioner "King and God" and entitling him to immediate release. For this reason, the Court will recommend it be dismissed.

## I. DISCUSSION

### A. Preliminary Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

**B. The Petition**

Petitioner, identifying himself as "King (God)" in the caption, names the "Warden" of an unspecified facility as respondent. (Doc. 1 at 1.) Prompted to identify the name and location of the court which entered the judgment of conviction, the date of judgment of conviction, the length of sentence, and the nature of the offense, Petitioner entered "'N/A.'" (*Id.*) Further, Petitioner did not respond to questions concerning a plea, trial testimony, or any appeal. (*Id*. at 1-2.) Petitioner did check the "No" box inquiring whether he has not "previously filed any application, or motions with respect to this judgment in any court, state or federal." (*Id*. at 2.) He indicates he did not receive an evidentiary hearing on any petition, application, or motion (*id*. at 3), did not appeal to the highest state court having jurisdiction on any petition, application, or motion (*id*.) and indicates he did not do so because he is "declared King and God, the living law and nature, after [he] was lied to and prejudice against" (*id*.).

Petitioner asserts the following three grounds for relief: (1) "'The incarceration has been declared unconstitutional by state' (statute);" (2) "'CDCR imposed an illegal name.' (Michael Bruce Anthony McPherson);" and (3) "'Attorney General imposed an illegal authority.'" (Doc. 1 at 4-5.) Prompted to indicate if any of the grounds were not previously presented in any other court, state or federal, Petitioner entered "'N/A.'" (*Id*. at 5.) He did not respond to Question 15 concerning prior representation by an attorney (*id*. at 5, 8) and he denies being sentenced on more than one count of an indictment or more than one indictment in the same court at the same time, having any future sentence to serve after completing the sentence imposed, or having filed or contemplated filing any petition attacking the judgment which imposed the sentence to be served in the future (*id*. at 8). Petitioner includes a handwritten two-page document titled "Legal Maxims." (*Id*. at 6-7.)

**C. The Petition is Frivolous**

Petitioner does not truly challenge his conviction. Rather, he alleges he has been declared "King and God through Court declaration" dated April 6, 2026, "because of [his] origin Dad

who's grand master mason, who built the world for [him]," that the California Department of Corrections and Rehabilitation (CDCR) "doesn't respect the Court declaration" and that he is "not obligated to acknowledge "(Michael Bruce Anthony McPherson)" because that "name doesn't exist no more," the "Warden has no respect and refuses to respect law and nature," and that Attorney General Rob Bonta "has universal knowledge of, and authorization to release a sovereign" like Petitioner from custody but refuses to do so.

As noted above, under Rule 4, the Court "must dismiss" a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Summary dismissal is appropriate when a petition is "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner's assertions that he has been declared "King and God through Court declaration," and that the CDCR, Warden, and Attorney General Rob Bonta refuse to release him as a result are patently frivolous and false. *Hendricks*, 908 F.2d at 491; *see also, e.g.*, *Bland v. Warden*, No. 2:21-cv-00518 TLN DB P, 2022 WL 1597730, at *2-3 (E.D. Cal. May 19, 2022) (noting "the frivolous nature of petitioner's claims" and recommending dismissal without leave to amend), *adopted in full*, 2022 WL 4359068 (E.D. Cal. Sept. 20, 2022). Therefore, the undersigned will recommend summary dismissal.

**D. Certificate of Appealability**

A state prisoner seeking to appeal a final order in a § 2254 proceeding does not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of the Rules Governing Section 2254 Cases. When the Court denies relief on procedural grounds without reaching the underlying constitutional claim, a certificate should issue only if reasonable jurists could debate both the procedural ruling and whether the petition states a valid constitutional claim. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the conclusion that the Petition is frivolous. Thus, the undersigned will recommend that a certificate of appealability not issue.

//

## II. ORDER AND RECOMMENDATIONS

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** without leave to amend;
2. That a certificate of appealability not issue; and
3. That the Clerk of the Court be directed to terminate all pending motion and deadlines and to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 16, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE